CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MIGUEL BALBUENA RUEDA, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| 980 COLUMBUS FOOD CORP. (D/B/A | |
| RANCH DELI), RANCH DELI (D/B/A | **ECF Case** |
| RANCH DELI), ANWAR ALOKAM, and | |
| ADAL MOSAD SALEH A/K/A ALI SALEH, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Miguel Balbuena Rueda ("Plaintiff Balbuena" or "Mr. Balbuena"), individually

and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon

his knowledge and belief, and as against 980 Columbus Food Corp. (d/b/a Ranch Deli), Ranch

Deli (d/b/a Ranch Deli), ("Defendant Corporations"), Anwar Alokam and Adal Mossed Saleh,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

1.      Plaintiff Balbuena is a former employee of Defendants 980 Columbus Food Corp.

(d/b/a Ranch Deli), Ranch Deli (d/b/a Ranch Deli), Anwar Alokam, and Adal Mosad Saleh.

2.      Defendants own, operate, or control a deli, located at 980 Columbus Ave NY, NY

10025 under the name "Ranch Deli."

3.      Upon information and belief, individual Defendants Anwar Alokam and Adal Mosad Saleh, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis as a joint or unified enterprise.

4.      Plaintiff Balbuena was employed as a deli man, sandwich maker, and cook at the deli located at 980 Columbus Ave NY, NY 10025.

5.      At all times relevant to this Complaint, Plaintiff Balbuena worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Balbuena appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Balbuena wages on a timely basis.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff Balbuena Defendants' conduct extended beyond Plaintiff Balbuena to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Balbuena and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Balbuena now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Balbuena seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Balbuena's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Balbuena was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Miguel Balbuena Rueda ("Plaintiff Balbuena" or "Mr. Balbuena") is an adult individual residing in New York County, New York.

15.     Plaintiff Balbuena was employed by Defendants at Ranch Deli from approximately April 2012 until on or about May 28, 2022.

16.     Plaintiff Balbuena consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control a deli, located at 980 Columbus Ave NY, NY 10025 under the name "Ranch Deli" and at 980 Columbus Ave New York, NY 10025 under the name "Ranch Deli".

18.     Upon information and belief, 980 Columbus Food Corp. (d/b/a Ranch Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 980 Columbus Ave NY, NY 10025.

19.     Upon information and belief, Ranch Deli (d/b/a Ranch Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 980 Columbus Ave New York, NY 10025.

20.     Defendant Anwar Alokam is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anwar Alokam is sued individually in his capacity as a manager of Defendant Corporations. Defendant Anwar Alokam possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Balbuena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Adal Mosad Saleh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Adal Mosad Saleh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Adal Mosad Saleh possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Balbuena, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate a deli located in in the Upper West section of Manhattan in New York City.

23.     Individual Defendants, Anwar Alokam and Adal Mosad Saleh, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Balbuena's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Balbuena, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Balbuena (and all similarly situated employees) and are Plaintiff Balbuena's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Balbuena and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Adal Mosad Saleh operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Balbuena's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Balbuena, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Balbuena's services.

30.    In each year from 2016 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the delis on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Balbuena is a former employee of Defendants who was employed as a deli man, sandwich maker, and a cook.

33.     Plaintiff Balbuena seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel Balbuena Rueda*

34.     Plaintiff Balbuena was employed by Defendants from approximately April 2012 until on or about May 28, 2022.

35.     Defendants employed Plaintiff Balbuena as a deli man, sandwich maker, and cook.

36.     Plaintiff Balbuena regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Balbuena's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Balbuena regularly worked in excess of 40 hours per week.

39.      From approximately November 2016 until on or about February 2020, Plaintiff Balbuena worked from approximately 6 a.m. until on or about 4 p.m., Monday through Friday and from approximately 6 a.m. until on or about 7 p.m. to 10 p.m., Saturday (typically 63 hours per week).

40.     From approximately March 2020 until on or about May 2022, Plaintiff Balbuena worked from approximately 6 a.m. until on or about 3 p.m., Monday through Friday and from approximately 6 a.m. until on or about 4 p.m., Saturdays (typically 55 hours per week).

41.     Throughout his employment, Defendants paid Plaintiff Balbuena his wages in cash.

42.     From approximately November 2016 until on or about December 2017, Defendants paid Plaintiff Balbuena a fixed salary of $600 per week.

43.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Balbuena a fixed salary of $700 per week.

44.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Balbuena a fixed salary of $780 per week.

45.     From approximately January 2020 until on or about August 2021, Defendants paid Plaintiff Balbuena between $780 to $800 per week.

46.     From approximately September 2021 until on or about May 28, 2022, Defendants paid Plaintiff Balbuena a fixed salary of $900 per week.

47.     Plaintiff Balbuena's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, in addition to his scheduled shift, Defendants required Plaintiff Balbuena to work at least 4 hours after his scheduled departure time up to two Saturdays per month, and did not pay him for the additional time he worked.

49.     Defendants never granted Plaintiff Balbuena any breaks or meal periods of any kind.

50.     Plaintiff Balbuena was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Balbuena regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Balbuena an accurate statement of wages, as required by NYLL 195(3).

53.     Defendants did not give any notice to Plaintiff Balbuena, in English and in Spanish (Plaintiff Balbuena's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     Defendants failed on various occasions to pay Plaintiff Balbuena in a timely fashion.

55.     Defendants required Plaintiff Balbuena to purchase "tools of the trade" with his own funds—including kitchen tools such as spatulas and spoons.

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Balbuena (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

57.     Plaintiff Balbuena was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Balbuena not receiving payment for all his hours worked, and resulted in Plaintiff Balbuena's effective rate of pay falling below the required minimum wage rate.

59.     Defendants habitually required Plaintiff Balbuena to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.     Defendants paid Plaintiff Balbuena his wages in cash.

62.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Balbuena (and similarly situated individuals) worked, and to avoid paying Plaintiff Balbuena properly for his full hours worked.

64.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Balbuena and other similarly situated former workers.

66.     Defendants failed to provide Plaintiff Balbuena and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67.     Defendants failed to provide Plaintiff Balbuena and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.      Plaintiff Balbuena brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69.     At all relevant times, Plaintiff Balbuena and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

70.     The claims of Plaintiff Balbuena stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71.     Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

72.     At all times relevant to this action, Defendants were Plaintiff Balbuena's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Balbuena (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

73.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75.     Defendants failed to pay Plaintiff Balbuena (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76.     Defendants' failure to pay Plaintiff Balbuena (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Balbuena (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78.     Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

79.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Balbuena (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.    Defendants' failure to pay Plaintiff Balbuena (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.    Plaintiff Balbuena (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82.    Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

83.    At all times relevant to this action, Defendants were Plaintiff Balbuena's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Balbuena, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

84.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Balbuena less than the minimum wage.

85.    Defendants' failure to pay Plaintiff Balbuena the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86.    Plaintiff Balbuena was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

87.     Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Balbuena overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiff Balbuena overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff Balbuena was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

91.     Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to provide Plaintiff Balbuena with a written notice, in English and in Spanish (Plaintiff Balbuena's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93.     Defendants are liable to Plaintiff Balbuena in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

94.      Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

95.     With each payment of wages, Defendants failed to provide Plaintiff Balbuena with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Balbuena in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

97.      Plaintiff Balbuena repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants required Plaintiff Balbuena to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R.

§ 531.35; N.Y. Lab. Law §§ 193 and 198-b.

99.     Plaintiff Balbuena was damaged in an amount to be determined at trial.


## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

100.     Plaintiff Balbuena repeats and realleges all paragraphs above as though set forth fully

herein.

101.     Defendants did not pay Plaintiff Balbuena on a regular weekly basis, in violation of

NYLL §191.

102.     Defendants are liable to Plaintiff Balbuena in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balbuena respectfully requests that this Court enter judgment

against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in

this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Balbuena and the FLSA Class

members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Balbuena and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Balbuena's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Balbuena and the FLSA Class members;

(f)     Awarding Plaintiff Balbuena and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Balbuena and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Balbuena;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Balbuena;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Balbuena;

(k)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees

and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Balbuena's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Balbuena;

(n)     Awarding Plaintiff Balbuena damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(o)     Awarding Plaintiff Balbuena damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Balbuena liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Balbuena and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Balbuena and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Balbuena demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 9, 2022

CSM LEGAL, P.C

By:       /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

June 8, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Miguel Balbuena Rueda

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     8 de junio 2022

*Certified as a minority-owned business in the State of New York*